WILLIAM R. HARGROVE, plaintiff in error, vs. WEBB & ALLEN, defendants in error.

[1.] A dilatory plea must be filed at the appearance Term of the cause.

[2.] The guardian of a free person of color may ratify his contract, and a suit upon such contract by the guardian is sufficient evidence of such ratification.

Complaint, from Miller county. Decision by Judge KIDDOO, at October Term, 1858.

This was complaint by Webb & Allen, on an account, against William R. Hargrove.

Upon the case being called for trial, on the appeal, defendant moved an amendment to his plea, to the effect that Allen G. Webb, one of the plaintiffs, was a free person of color, and not entitled to sue, nor to make contracts without the written permission of a guardian. Plaintiffs' counsel objected to the amendment. The Court sustained the objection, and refused to allow the proposed amendment, and defendant excepted.

The case was submitted to the jury, under the evidence and charge of the Court, who found for plaintiffs fifty-four dollars and fifty-six cents.

Defendant moved for a new trial on the grounds:

1st. Because the Court erred in refusing to allow the amendment to the defendant's plea.

2d. Because the verdict was contrary to law and evidence, and the charge of the Court.

The Court refused the motion for new trial, and defendant excepted.

LAW & SIMS, for plaintiff in error.

S. W. PARKER, represented by POU, *contra.*

*By the Court.*—McDONALD, J. delivering the opinion.

The defendant appeared and pleaded the general issue at the appearance Term of the cause. On the appeal, the defendant proposed to amend his plea, by filing a dilatory plea as to one of the plaintiffs, viz: his disability to sue; and to amend it further by pleading to the contract, that it was void, because made by a free person of color, having one-eighth of African blood in his veins, who had not the written permission of his guardian to make said contract. The Court refused to allow the amendment, and the defendant excepted.

[1.] A dilatory plea must be filed at the first Term of the Court, and leave to file it on the appeal ought not to have been allowed; and if the party had filed it as a matter of right under the statute, the Court ought to have ordered it to be stricken out, on motion, as inadmissible. We pass no judgment on the question whether the plea could have been sustained, if it had been filed in time.

[2.] In support of the second plea, that the contract was void, the plaintiff relies on the Act of 1833, which declares that it shall not be lawful for any person to give credit to any free person of color, but on a written order of a guardian. *Cobb,* 1005. This Act was for the *protection* of free persons of color from the designs of men, by whose arts and persuasions, they might be seduced into contracts of waste and ex-

travagance.   It was intended to throw about them and their property, the guard of the better poised judgment of a discreet guardian.   A free person of color, without property, would scarcely obtain credit on the written order of his guardian.

This law, intended for the benefit of that class of persons must not be made an instrument or engine of mischief to them.   It cannot be construed to mean, that, if they extend to white persons credit, and let their services or property go in that way, even without consultation with their guardian, the debts thus contracted are not collectible.   The guardian may ratify the contract, and a suit upon it is always sufficient evidence of ratification.   There is no principle in the case of *Bryan vs. Walton*, 14th *Georgia*, 196, which controverts what we now rule.

There is abundant proof to sustain the verdict of the jury, if the witness is to be credited, which we presume the plaintiff in error will not dispute.

Judgment affirmed.